**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 05-4756**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MERLE LEROY ADAMS, JR., a/k/a Merle Adams,

Defendant - Appellant.

───────────────

**No. 06-4218**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MERLE LEROY ADAMS, JR., a/k/a Merle Adams,

Defendant - Appellant.

───────────────

Appeals from the United States District Court for the Western
District of North Carolina, at Asheville. Lacy H. Thornburg,
District Judge. (1:04-cr-00115)

───────────────

Submitted: February 23, 2007          Decided: April 4, 2007

───────────────

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Carol Ann Bauer, Morganton, North Carolina, for Appellant. Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Merle Leroy Adams, Jr., pled guilty to being a felon in possession of a weapon and was sentenced to 180 months of imprisonment. On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), alleging that there are no meritorious claims on appeal but raising the following issue: whether the district court erred in denying Adams' motion to suppress the evidence found on his person following a stop and frisk by a police officer. For the reasons that follow, we affirm.

We review the district court's factual findings underlying a motion to suppress for clear error and review its legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, this court construes the evidence in the light most favorable to the government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998). We find that the district court correctly determined that the officer had reasonable suspicion to conduct a pat-down of Adams, based on information given to the officer in-person by a man who had just witnessed Adams "showing" (J.A. 37) a pistol. An officer may conduct a brief investigatory stop and frisk where he has reasonable, articulable suspicion that criminal activity may be afoot. Terry v. Ohio, 392 U.S. 1, 30 (1968); United States v. Crittendon, 883 F.2d 326, 328 (4th Cir. 1989); see United States v.

- 3 -

<u>Christmas</u>, 222 F.3d 141, 143-44 (4th Cir. 2000) (discussing why face-to-face encounters are more reliable than anonymous telephone tips and distinguishing <u>Florida v. J.L.</u>, 529 U.S. 266 (2000)). Accordingly, this claim fails.

We have examined the entire record in this case in accordance with the requirements of <u>Anders</u>, and find no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>